**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87872-7-I |
| Respondent, | |
| v. | DIVISION ONE |
| JOHN ALAN WHITAKER, | UNPUBLISHED OPINION |
| Appellant. | |

FELDMAN, J. — John Alan Whitaker appeals the judgment and sentence imposed on his conviction for aggravated murder in the first degree following a resentencing hearing. The trial court determined that Whitaker was not a youthful offender and that, accordingly, it did not have discretion to impose any sentence other than life without possibility of parole. Because the trial court correctly determined that it lacked discretion, we affirm.

Our prior opinion in this matter recounts the essential facts and prior procedural history, which need not be repeated in this unpublished opinion. *See In re Pers. Restraint of Whitaker*, No. 82442-2-I (Wash. Ct. App. Oct. 22, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/824422.pdf. In that opinion, we granted Whitaker's personal restraint petition in part, vacating his conviction for conspiracy to commit murder due to his counsel's failure to object to

improper statements made by the prosecutor. *Whitaker*, slip. op. at 5. We also included the following footnote:

> Whitaker's final challenge relates to sentencing and the consideration of youthfulness. However, because we are granting relief as to the charge of conspiracy to commit murder in the first degree, we need not reach this issue. The State may elect to retry him on that count, seek resolution by plea agreement, or simply decline further prosecution. Under any of those options, Whitaker will necessarily face resentencing and may argue mitigating factors of youthfulness in the trial court if he so chooses.

*Whitaker*, slip. op. at 17, n.3.

The State elected not to retry Whitaker on the conspiracy charge and dismissed it. As such, Whitaker was resentenced solely on his aggravated murder conviction. Whitaker argued that he was a youthful offender and that under *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), the trial court had discretion to impose whatever sentence it believed was justified. The trial court disagreed and determined that it had no discretion to impose any sentence other than life without possibility of parole under RCW 10.95.030.

Whitaker asserts the trial court erred in so ruling. He contends that application of RCW 10.95.030 to him is unconstitutional because he is a youthful offender and therefore the trial court had discretion under *Monschke* to impose a sentence that reflected his youthfulness at the time of the offense. In *Monschke*, our Supreme Court held that RCW 10.95.030, which mandates life without possibility of parole for convictions of aggravated murder, was unconstitutional as applied to youthful offenders. 197 Wn.2d at 312. It additionally held that, rather than applying RCW 10.95.030, "sentencing courts must have discretion to take the mitigating qualities of youth . . . into account" when sentencing a youthful offender

2

convicted of aggravated murder. *Id.* at 326. The defendants in that case were 19 and 20 years old. *Id.* at 313.

Whitaker was 22 years old at the time of his offense. In *State v. Galvan*, No. 84609-4-I, slip. op. at 8 (Wash. Ct. App. June 3, 2024), https://www.courts.wa.gov/opinions/pdf/846094.pdf, we declined to extend our Supreme Court's holding in *Monschke* to apply to a defendant who was 22 years old at the time of his offense.[1] We held that, because *Monschke* did not apply, the trial court was required to sentence Galvan to life without the possibility of parole on his conviction for aggravated murder pursuant to RCW 10.95.030. The same reasoning applies equally here. Because Whitaker advances no novel theory as to why our analysis in *Galvan* is incorrect, we decline to overrule its holding.

Whitaker additionally argues that the trial court erred by failing to conduct a proportionality analysis to determine whether his sentence constituted cruel punishment under article I, section 14 of the Washington Constitution. Whitaker asserts that his sentence was disproportionate to the sentences received by his codefendants and is therefore unconstitutionally excessive. Courts evaluate whether a sentence is grossly disproportionate to the offense using the test first articulated in *State v. Fain*, 94 Wn.2d 387, 617 P.2d 720 (1980). *State v. Reynolds*, 2 Wn.3d 195, 210, 535 P.3d 427 (2023). "Under this test, courts ask whether the sentence is grossly disproportionate to the crime based on four factors: '(1) the nature of the offense; (2) the legislative purpose behind the habitual criminal

---

[1] Although *Galvan* is an unpublished opinion, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c). We adopt the reasoning in *Galvan* as set forth in the text above.

statute; (3) the punishment defendant would have received in other jurisdictions for the same offense; and (4) the punishment meted out for other offenses in the same jurisdiction.'" *Id.* (quoting *Fain*, 94 Wn.2d at 397)). Whitaker does not analyze the *Fain* factors in his brief. "[I]f a party fails to identify and analyze a test or factors that relevant law applies to an issue, we will not address the analysis ourselves." *State v. Wright*, 19 Wn. App. 2d 37, 55, 493 P.3d 1220 (2021).

Because Whitaker has not demonstrated that his mandatory sentence of life without parole is unconstitutional, either categorically under *Monschke* or proportionally under *Fain*, the trial court did not err in imposing a sentence of life without possibility of parole.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

, ACJ

4